IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Travelers Property Casualty Company of America, | Case No.: 1:22-CV-00210 DMT-CRH |
| Plaintiff, | |
| v. | **TRAVELERS' BRIEF IN OPPOSITION TO HAYASHI'S MOTION TO TRANSFER** |
| Mark Hayashi and Schlumberger Technology Corporation, | |
| Defendants. | |

The Court should deny Hayashi's motion to transfer venue to Montana because Travelers filed this lawsuit first and venue is proper in North Dakota for claims arising out of a North Dakota car accident.

However, even if the Court looks beyond the first-filed rule, it should still deny Hayashi's motion to transfer because Hayashi has failed to establish that Travelers could have filed this suit in Montana. Defendant Schlumberger is a Texas company and is an indispensable party to this action. Hayashi makes no showing that Schlumberger is subject to jurisdiction in Montana for claims arising out of a North Dakota accident. Likewise, the fact that certain witnesses regarding Hayashi's injuries live in Montana is insufficient to justify transfer.  The Court should deny Hayashi's motion to transfer.

## FACTUAL BACKGROUND

This insurance coverage dispute arises out of a motor vehicle accident that occurred on July 23, 2014, near Williston, North Dakota. (Hanson Dec., Ex. 1, Montana Complaint, ¶ 8). A truck being driven by Leslie File collided with a van in which Hayashi was a passenger. (*Id.,* ¶ 9). Ms. File was at fault. (*Id.,* ¶ 1-11). Hayashi was working for Schlumberger at the time of the accident. (*Id.,* ¶ 11). He and several co-workers who were in the van were injured. (*Id.*)

After the accident, Hayashi and the other occupants of the van sought compensation for their injuries from the at-fault driver. Various suits were filed involving the at-fault driver, her employer, and its insurers. (*Id.,* ¶ 17-24). Hayashi himself filed suit against Travelers Casualty Insurance Company of America, a separate but related Travelers company, which insured the at-fault driver's employer. In that case, Hayashi argued that Travelers Casualty Insurance Company of America acted in bad faith as to Hayashi by failing settle Hayashi's claims against Ms. File and her employer. (Dkt. 5-1 Ex. A-2). Hayashi settled that case in the fall of 2022.

In September 2022, Hayashi notified Travelers that he wanted UIM benefits from Travelers.[1] (*Id.,* ¶ 25). On November 9, 2022, he made a demand for $3.5 million in benefits. (Dkt. 5-1, Ex. A-5, p. 37). The demand included a deadline for responding to the demand but did not threaten suit. (*Id.*). After receiving this demand, Travelers

---

[1] Hayashi asserts that he gave notice of his UIM claim on April 30, 2015 but Travelers did not deny coverage until 2022. Travelers has found no record of receiving this notice at that time, but whether or not the notice was sent or received in April 2015 is not relevant to this case because the Policy provides no UIM coverage for the accident.

2

analyzed coverage under the Schlumberger policy to determine whether there was any UIM coverage for the July 2014 accident. Travelers insured Schlumberger, a Texas company, under a commercial auto liability insurance policy that was in effect from July 1, 2014, through July 1, 2015, and thus was in effect on the date of the July 23, 2014 accident. (Dkt., 1, Complaint, Ex. A.). On its face, the policy provides no UIM coverage for vehicles garaged or registered in Texas or North Dakota. Travelers determined that no applicable state's law would interpose an obligation to provide UIM coverage for the July 2014 accident. (*Id.*).

Given the circumstances, Travelers concluded that a declaratory judgment action was required to resolve any coverage dispute. Travelers filed this suit on December 12, 2022, in federal district court for the District of North Dakota. (Dkt. 1). Travelers served Hayashi with a request to waive service on December 13, 2022. (Hanson, Dec., Ex. 2). Travelers' complaint also named Schlumberger as a defendant because it is the named insured under the policy and it would be responsible for a UIM payment because the policy contains a deductible that Schlumberger must satisfy. (Dkt. 1, Ex. A).

On December 15, 2022, Mr. Hayashi's counsel responded to Travelers' counsel indicating she would consider the request to waive service. (Hanson Dec., Ex. 3). She then filed, and on December 19, 2022, served Travelers with the Montana lawsuit. (Hanson Dec., Ex. 4). Schlumberger is not a party to the second-filed Montana lawsuit. Travelers filed a motion to dismiss the Montana action because it filed this lawsuit first. (Hanson Decl. Ex. 5). Travelers' motion to dismiss is currently pending in the Montana action.

Schlumberger waived service of the complaint in this action on February 24, 2023. (Dkt. 8).

I. **The Court should follow the first-filed rule.**

As Hayashi recognizes, the federal courts generally follow the first-filed rule when choosing which of two parallel lawsuits should proceed. The Court should do so here, where Hayashi does not dispute that Travelers filed this lawsuit first, nor does he dispute that this matter is parallel to the lawsuit she filed second.

The Court should reject Hayashi's attempts to circumvent the first-filed rule. First, Hayashi attempts to argue that the court should not apply the first-filed rule because this lawsuit was anticipatory. He argues that the lawsuit was anticipatory because it only seeks declaratory judgment relief and because Travelers was on notice that a lawsuit from Hayashi was imminent. But Hayashi had not threatened suit. He had simply made a demand, which Travelers rejected because the policy does not provide the demanded coverage. Travelers then filed suit in North Dakota because the accident occurred there, and because it believed that all necessary parties were subject to jurisdiction for this lawsuit in North Dakota. The mere fact that Travelers seeks declaratory relief does not make its suit anticipatory. *See e.g., U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.,* 920 F.2d 487, 488 (8th Cir. 1990) (allowing first-filed declaratory judgment action to proceed); *see also, Sherwin-Williams Co. v. Holmes Cnty.,* 343 F.3d 383, 391 (5th Cir. 2003) (the mere fact that plaintiff filed a declaratory

4

judgment action does not mean it was an improper anticipatory lawsuit); *800-Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F. Supp. 128, 132 (S.D.N.Y. 1994).

The cases cited by Hayashi are distinguishable. In *U.S. Specialty Ins. Co. v. Aerial Timber Applicators, Inc.,* No. 3:19-CV-00271, 2020 WL 3840533 (D.N.D. July 8, 2020), the insured submitted a property damage claim to its insurer after its airplane caught on fire. U.S. Specialty denied coverage on the same day. Months later the insured retained counsel. U.S. Specialty then retained counsel and filed suit in federal court four months after its initial denial and two months after the insured retained counsel. One month later, the insured filed a parallel suit *in state court* in Texas. The *U.S. Specialty* court found that the carrier's lawsuit was anticipatory because it only sought declaratory relief and it appeared to be filed in response to the insured's retention of counsel. Critically, because the matter involved only issues of state law, the court applied the *Brillhart* abstention factors in favor of the state court action. This case is unlike *U.S. Specialty.* Neither of the two lawsuits is pending in state court. Likewise, Travelers did not file suit because Hayashi retained counsel – instead, he had had counsel for years. Travelers filed suit because it sought a declaration of its rights, the rights of the named insured Schlumberger, and the rights of the claimant. Travelers filed in North Dakota as this state is the best venue to ensure that all necessary parties were subject to jurisdiction.

*Morgan v. 3-B Cattle Co.*, No. 18-CV-371-GKF-FHM, 2018 WL 6651529 (N.D. Okla. Dec. 19, 2018), another case on which Hayashi relies, is also distinguishable. There, the plaintiff filed a declaratory judgment action in response to a threatened lawsuit from the defendant which also provided the plaintiff with a copy of a draft

5

complaint and a deadline to respond to its demand. The plaintiff filed suit on the day the deadline expired. Here, Hayashi had not threatened suit. Instead, Hayashi made a demand for $3.5 million in UIM coverage. When Travelers concluded that the policy provide *no* coverage, given the circumstances, Travelers wanted to bring a suit in the appropriate venue to have the issue speedily determined by a court. North Dakota is an appropriate venue because the underlying accident took place there. As a result, Travelers maintains that this court has jurisdiction over Hayashi and Schlumberger because the UIM claim arises out of the accident.

## II. The forum non-conveniens doctrine should not be applied to transfer this case to Montana.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, federal courts give "considerable deference to a plaintiff's choice of forum." *Terra Int'l, Inc. v. Mississippi Chem. Corp.,* 119 F.3d 688, 694 (8th Cir. 1997). When considering a motion to transfer, the Court must consider three factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l,* 119 F.3d at 691. Motions to transfer venue should not be freely granted. *Id.*

### A. Transfer is not appropriate because Travelers could not have filed its suit in Montana because Schlumberger does not appear to be subject to jurisdiction in Montana.

Section 1404(a) cannot be applied to transfer venue because Hayashi has made no showing that Travelers could have filed this suit in Montana as required by the statute.

28 U.S.C. § 1404(a), allowing transfer "to any other district or division where it might have been brought." In particular, Schlumberger is a necessary party to this lawsuit, and Travelers does not believe it is subject to jurisdiction for this matter in Montana. Schlumberger is a business that it incorporated and has its principal place of business in Texas. It is subject to personal jurisdiction in Texas. Travelers also concluded that it was subject to jurisdiction in North Dakota because this matter arises out of a North Dakota auto accident that occurred while Hayashi was working for Schlumberger and riding in a Schlumberger-owned vehicle. Travelers is not aware of any facts indicating that Schlumberger is subject to general or specific jurisdiction in Montana.

Schlumberger is an indispensable party to this lawsuit because it is responsible for paying a significant deductible under the auto policy under which Hayashi seeks coverage. (Dkt. 1-1, p. 421). Although Travelers maintains that Hayashi is not entitled to any UIM benefits under the terms of the policy, if he were successful in establishing coverage, Schlumberger would be required to pay its deductible. Typically, when "the rights involved in litigation arise upon a contract" courts will not determine the rights of some of the parties to the contract if the other parties to the contract are not present. *Ins. Co. of State of Pennsylvania v. Gemini Ins. Co.,* No. 313-CV-02931-BAS-DHB, 2014 WL 7407466, at *8 (S.D. Cal. Dec. 30, 2014) (citing *Carroll v. New York Life Ins. Co.,* 94 F.2d 333, 335 (8th Cir.1938) (other citations omitted). Here, this lawsuit will directly impact Schlumberger's obligations under the policy, and thus it is a necessary and indispensable party.

      **B.**    **The Court should not transfer this matter because Hayashi has not proven that it would be more convenient for all to litigate in Montana.**

When analyzing the convenience prongs, courts typically consider:

7

> (1) the convenience of the parties, (2) the convenience of the witnesses – including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra Int'l*, 119 F.3d at 696. Here, the only issue Hayashi has raised to support his assertion that Montana is more convenient is that his friends, family, and certain medical providers, who are potential witnesses regarding his claimed injuries, live in Montana. But this alone is not sufficient to justify his requested transfer. Hayashi has not shown that deposition testimony from these witnesses will be insufficient in this case. Indeed, Travelers and Schlumberger witnesses reside outside of both North Dakota and Montana as well. Hayashi, his immediate family, and current medical providers are in Montana, witnesses regarding the accident and Hayashi's initial treatment would be located in North Dakota, Schlumberger witnesses may be located in Texas, and Travelers witnesses may be in various states around the country. Given the advances in technologies and in taking remote depositions, obtaining testimony from out-of-state witnesses is easier than ever. The fact that some of the witnesses regarding Hayashi's injuries are located in Montana is not sufficient to justify the requested transfer.

Further, Hayashi ignores the largest hurdle he has to coverage – the policy on its face provides no UIM coverage for the North Dakota accident. Travelers maintains that no witnesses are needed for the Court to decide the coverage issue.

### C. Hayashi's bad faith claim has more contacts with North Dakota than it does with Montana.

Hayashi argues that this case should be transferred to Montana so that it can proceed with the bad faith claim Hayashi filed in Montana. He maintains, without citation to any case law beyond the basic legal standard, that venue is proper in Montana for his bad faith claim because the alleged bad faith conduct occurred in Montana. This assertion is not true.

First, there is absolutely no basis for a bad faith claim because there is no UIM coverage for Hayashi under the policy. Hayashi does not even try to suggest that the policy, by its terms, provides UIM coverage. Even if the bad faith claim proceeds, Travelers' contacts with North Dakota are more significant than its contacts with Montana as relates to that claim. At its heart, the bad faith claim is related to Hayashi's claim for insurance coverage benefits for an auto accident that occurred in North Dakota. Travelers insured the vehicle in which Hayashi was a passenger and that vehicle was being operated in North Dakota at the time of the accident.

The basis for Hayashi's bad faith claim is the mere fact that Travelers informed his counsel that there was no coverage for his UIM claim. But Travelers' coverage decision was not made in Montana. Instead, its claims professional in Illinois, in consultation with counsel, issued its coverage decision. That decision was communicated by Travelers' counsel in Minnesota. Travelers did not "handle" the claim in Montana. Rather, Travelers simply told Hayashi that the Schlumberger policy does not provide coverage. Travelers issued no payments to Hayashi in Montana. The fact that Travelers' counsel in

Minnesota and its claims professional in Illinois sent mail and emails to Hayashi's counsel in Montana does not mean that the alleged bad faith conduct occurred in Montana. Indeed the only connection to Montana is Hayashi himself.

By filing suit in North Dakota, Travelers has consented to that court's jurisdiction for closely related counterclaims related to insurance coverage for the July 2014 accident. *Adam v. Saenger,* 303 U.S. 59, 67–68 (1938). There is no impediment to Hayashi proceeding in North Dakota.

## CONCLUSION

Travelers respectfully requests that the Court deny Hayashi's motion. Travelers properly filed this lawsuit first. North Dakota is a proper venue for this matter, which arises out of a North Dakota accident. Further, unlike in Montana, Travelers believes all parties, including Schlumberger are subject to jurisdiction in North Dakota. Hayashi's motion should be denied.

Dated: March 13, 2023

/s/ Laura J. Hanson
Laura J. Hanson, MTSB#11535
Meagher + Geer, P.L.L.P.
33 South Sixth Avenue, Ste. 4400
Minneapolis, MN 55402
Tel: (612) 338-0661
Fax: (612) 338-8384
Email: lhanson@meagher.com

(*Counsel for Plaintiff*
*Travelers Property Casualty*
*Insurance Company of America*)

15879487.1